# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GREG YANNI, et al,**

        Plaintiffs,

        v.

**RED BRICK MORTGAGE, et al.,**

        Defendants.

Case No. 2:07-cv-1260
**JUDGE GREGORY L. FROST**
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes on for consideration of Plaintiffs' Motion to Send Opt-In Notice to Potential Opt-In Plaintiffs ("Plaintiffs' Motion") (Doc. # 23), Defendant Artisan Mortgage LLC'S ("Artisan") Memorandum *Contra* Plaintiffs' Motion to Send Opt-In Notice ("Artisan's Memorandum in Opposition") (Doc. # 27), and Plaintiffs' Reply Memorandum in Support of their Motion ("Plaintiffs' Reply") (Doc. # 28). For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

### I. Background[1]

Plaintiffs Justin Lesh, Greg Yanni, Brendan McNeill, and Thamret Daniel bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), alleging that they, and those similarly situated to them, were not paid the minimum hourly wage in violation of the FLSA and Ohio's minimum wage statutes. Plaintiffs were employed as Mortgage and Loan Officers ("Loan Officers") by Red Brick Mortgage LLC ("Red Brick") and/or Artisan. Defendants employed between five and fifteen Loan Officers at any given time. Plaintiffs allege

---

[1]Plaintiffs present affidavit testimony as support for their motion. (*See* Exhibits attached to Doc. # 23.)

that from December 1, 2004 through the present, they were compensated on a purely commission basis that caused them to work many hours for which they were not paid minimum wage.

Defendants are corporations and/or owners of corporations which provide financial services to consumers. Defendants' services include financing for home purchases, debt consolidation, and processing loans and mortgages. Plaintiff Lesh was employed as a Loan Officer by Defendants from June of 2006 through October of 2007. Plaintiff Yanni was employed by Defendants as a Loan Officer from May 2006 until October 2007. Plaintiff Daniel was employed by Defendants as a Loan Officer from November 2006 until July 2007. Plaintiff McNeill was employed by Defendants as a Loan Officer from November 2006 until July 2007. Plaintiffs allege that Loan Officers' duties included answering phones, taking customer applications, processing loans, and working with underwriters. In a typical work week, Plaintiffs contend that they worked at Defendants' office from 9:00 a.m. to 5:00 p.m. approximately 5 days a week, for about 40 hours per week.

Red Brick and Artisan's Loan Officers are paid a commission for each loan he or she closes. Plaintiffs further explain that a loan is "closed" once it has been funded (typically within three days). Loan Officers were paid bi-monthly. For all loans closed between the first and fourteenth of a month, Loan Officers were paid that commission on the last day of the month. For all loans closed between the fifteenth and the thirtieth of a month, the Loan Officers were paid that commission on the fifteenth of the following month. Plaintiffs all maintain that during pay periods in which they had not earned commissions, they would not receive a paycheck and that there were many pay periods where Plaintiffs did not receive a paycheck. Plaintiffs claim that during weeks in which they would not receive a paycheck, Defendants failed to pay a

2

minimum hourly wage in violation of the FLSA.

Finally, Plaintiffs assert that it is Defendants' common practice and policy not to pay minimum wage to the Loan Officers and that this policy is reflected in Defendants' Employee Handbook.[2] Although the handbook was given to Mr. Lesh during the period he was employed by Defendant Red Brick, Plaintiffs allege that there was no change in the way Plaintiffs were paid following the transition to Artisan. The Employee Handbook states at pg. 8:

> Since we are a company where most employees are paid on 100% commission, we realize that sometimes you may receive larger or smaller paychecks depending on the flow of business and your own production. Please be mindful of this for the purpose of your personal financial budget. Because of this ebb and flow effect, if you do not receive a paycheck on either pay period, your insurance and benefits will remain in effect but your benefits contribution due for that pay period will be deducted on the next available paycheck.

Neither Red Brick nor Artisan have produced any evidence to show that this handbook was not the policy during the relevant period of time. Indeed Plaintiffs claim that in early 2007, Artisan Manager Jeff Linker stated that minimum wage did not apply to Red Brick Loan Officers, that only Senior Loan Officers received a draw, that the issue of minimum wage had been explored, and that Defendants' current pay structure was legal.

## II. Discussion

As this Court has indicated on several occasions, to recover unpaid overtime compensation and/or unpaid minimum wage under the FLSA, § 216(b) provides that employees, under certain circumstances, may collectively sue an employer. *See Harrison v. McDonald's Corp.*, 411 F. Supp.2d 862, 864-65, (S.D. Ohio 2005); *O'Brien v. Ed Donnelly Enter., Inc.*, No. 2:04-CV-00085, 2006 U.S. Dist. LEXIS 86895 (S.D. Ohio, Sept. 5, 2006); *Smith v. Lowe's*

---

[2]This Handbook is attached as Exhibit 1 to Justin Lesh Affidavit. (Doc. # 23.)

*Home Ctrs.*, 236 F.R.D. 354, 357, 2006 U.S. Dist. LEXIS 26686 (S.D. Ohio May 5, 2006)

*Landsberg v. Acton Enter., Inc.*, 2006 U.S. Dist. LEXIS 23439 (S.D. Ohio March 22, 2006).

> Specifically, Section 216(b) states:
>
> Any employer who violates [the minimum wage or maximum hours provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . . An action to recover [such] liability may be maintained . . . in any . . . court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b)

Determining whether a collective action is the appropriate means for prosecuting an action is left to the trial court's discretion. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (citing *Hoffmann-La Roche, Inc., v. Sperling*, 493 U.S. 165, 167-68 (1989)).

> Section 216(b) establishes two requirements for a representative action: 1) the plaintiffs must actually be "similarly situated," and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action. 29 U.S.C. § 216(b); *Sperling*, 493 U.S. at 167-68. Similarly situated persons are permitted to "opt into" the suit. This type of suit is called "collective action." It is distinguished from the opt-out approach utilized in class actions under Fed. R. Civ. P. 23.

*Id.*

"The preliminary certification is intended to provide notice and opportunity to opt in." *Lowe's Home Ctrs.*, 236 F.R.D. at 357. The named plaintiff's burden at this stage is "fairly lenient," and requires only "a modest factual showing" that he or she is similarly situated to the other employees sought to be notified. *Harrison*, 411 F. Supp.2d at 865 (citing *Olivo v. GMAC Mortgage Corp.*, 374 F. Supp.2d 545, 548 (E.D. Mich. 2004)). Although Section 216(b) does not define "similarly situated," this Court has indicated that "employees whose causes of action under the FLSA accrued at about the time and place in the approximate manner of the named

plaintiff would be similarly situated and can opt into the action." *Ed Donnelly Enter., Inc.*, 2006 U.S. Dist. LEXIS 86895 at *6-7 (citing *Miklos v. Golman-Hayden Co., Inc.*, No 2:99-CV-1279, 2000 U.S. Dist. LEXIS 22352 (S.D. Ohio October 24, 2000)). In its consideration of potential collective actions, this Court has considered the following factors:

> 1. the extent and consequences of disparate factual and employment settings of the individual plaintiffs;
>
> 2. whether individual issues would predominate at trial;
>
> 3. whether a trial of the action could be coherently managed and evidence presented in a manner that would not confuse the jury or unduly prejudice any party; and
>
> 4. whether certification would serve the purposes of a collective action under Section 216(b) of the FLSA.

*See Lowe's Home Ctrs.*, 236 F.R.D. at 357; *Ed Donnelly Enter., Inc.*, 2006 U.S. Dist. LEXIS 86895 at *9-10.

In the instant action, the Court is satisfied that Plaintiffs have presented sufficient evidence to meet their burden of showing that the named Plaintiffs are similarly situated to the other Loan Officers. Specifically, all Loan Officers were paid purely on a commission basis. During any given work week (seven consecutive days) where a Loan Officer did not complete a loan, he or she was not compensated. This pay system was universal to the individuals working at 9101 Antares Avenue, Columbus, Ohio and is shown both by the common experience of the named Plaintiffs, the language in the handbook, and the statements of Mr. Linker.

Thus, the named Plaintiffs' employment setting is the same as the other Loan Officers' employment setting, thereby confirming that individual issues would predominate at trial. Further, a trial of the action could be coherently managed with evidence presented in a manner

5

that would not confuse the jury or unduly prejudice any party. Finally, certification would serve the purposes of a collective action under Section 216(b) of the FLSA, such as having one proceeding for common issues of law, which will redound to the advantage of employer and employee alike through avoidance of multiplicity of suits. *See Sperling*, 493 U.S. at 174.

Accordingly, Plaintiffs shall be granted permission to provide notice to all Loan Officers employed by either Defendant company from December 1, 2004 to the present.

### III. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion. (Doc. # 23.) Defendants are **ORDERED** to produce within 14 days of this Opinion and Order the last known addresses for all Loan Officers who were employed from December 1, 2004 to the present.

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**